[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14888
Non-Argument Calendar

_____

D. C. Docket No. 04-00035-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNELL MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 27, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Donnell Martin appeals his two consecutive sentences of 60 months

imprisonment, imposed after he pled guilty to conspiring to possess heroin with intent to distribute it, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C), and obtaining heroin while serving a sentence in federal prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(1), and (d)(1)(C). Because the district court did not plainly err in imposing consecutive sentences and because the sentences imposed were reasonable, we AFFIRM.

## I. BACKGROUND

Martin was charged in a two-count indictment with: (1) conspiring to possess heroin with intent to distribute it, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) (Count 1); and (2) obtaining heroin while serving a sentence in federal prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(1), and (d)(1)(C) (Count 2). He pled guilty as to both counts without a plea agreement.

At the change-of-plea hearing, the government proffered the following factual basis for the charges. Martin, an inmate at a federal prison in Florida, "assisted another inmate, Eliezer Moreno-Vigo, with obtaining and distributing heroin in the prison by agreeing to receive letters on behalf of Moreno-Vigo that the defendant knew contained heroin. After receiving the letters, the defendant provided them to Moreno-Vigo who then distributed the heroin to other inmates." R2 at 14. Prison officials intercepted several letters addressed to Martin in which

2

hidden compartments in the pages contained a powdery substance determined to be heroin. Id. Prison officials delivered the remaining pages of one of the letters to Martin, and prison video surveillance showed that Martin gave the contents to Moreno-Vigo. Id. Martin told prison officials that he had agreed to receive the letters in exchange for books of stamps, a form of currency in prison. Id. at 15. He admitted receiving a total of eight letters for Moreno-Vigo. Id. at 15-16.

The probation office classified Martin as a career offender, pursuant to U.S.S.G. § 4B1.1 (2004), because Martin had been convicted on three prior occasions of crimes of violence or controlled substance offenses, including armed robbery, wanton endangerment, and possession with intent to distribute cocaine base. Because the statutory maximum penalty for his offense here was 20 years, Martin was assigned a base offense level of 32. He received a three-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility and a timely guilty plea, leaving him with a total offense level of 29. Martin's career offender status gave him a criminal history category of VI, pursuant to § 4B1.1. Based on these calculations, the applicable guideline range was 151 to 188 months imprisonment.

The probation office noted that, pursuant to 18 U.S.C. § 1791(c), punishment for the violation of § 1791(b) must be consecutive to (1) any other

sentence imposed for the same controlled substance offense and (2) any sentence that the defendant was serving when the offense was committed. Because Martin's criminal history gave him a total of twenty points, the probation office also informed the court that an upward departure might be warranted under U.S.S.G. § 4A1.3(a)(1), if the court determined that Martin's criminal history category did not adequately reflect his past criminal conduct. Neither the government nor Martin objected to the findings by the probation office, but Martin filed a motion seeking a downward departure on the ground that his criminal history category substantially over-represented the seriousness of his criminal history category.

At the sentencing hearing, the district court adopted the PSI's findings of fact and calculations regarding the appropriate guideline range. In support of his motion for a downward departure, Martin asserted: (1) he had not used the heroin he had received in the mail; (2) he had sent the majority of the money he earned to his daughter; (3) he had cooperated with prison officials and admitted his guilt; (4) his offense involved only a small drug amount; (5) he had accepted responsibility for his involvement in the offense; and (6) other prisoners involved in similar conduct had received either administrative punishment or sentences in the two to four-year range. R3 at 5-8. The government responded that the amount of heroin involved in the offense conduct had been significant, because each gram of heroin

4

contained approximately 75 hits, and noted that a prisoner whose offense was more similar to Martin's—distributing heroin—than the offenses of the prisoners whose sentences Martin had used for comparison, had been sentenced to eleven years. Id. at 10-13.

The district court concluded that:

> the nature of the offense, the quantity involved in relation to street quantities and, again, the consideration that the sentence as to Count Two must be imposed consecutively both to the sentence imposed as to Count One and the sentence the defendant is presently serving, as well as consistency in the sentencing of defendants who have been convicted of essentially the same offense in Coleman all suggest to me that a sentence below the sentencing guideline sentence at offense level 29, criminal history category six, is sufficient in this case to achieve all of the objectives of the imposition of a criminal sanction as set out in 18 U.S.C. section 3553.

Id. at 13-14. The district court further noted that Martin's sentences would be more severe than other sentences imposed in controlled substances cases coming out of Coleman prison, because the court regarded the possession and distribution of heroin "as a substantially more serious offense than the distribution of other controlled substances, including cocaine and marijuana in particular." Id. at 14. The district court then sentenced Martin to 60 months imprisonment as to Count 1 and 60 months imprisonment as to Count 2, to be served consecutively to each other and to the sentence he was serving when he committed the offenses.

The government then objected to the fact that the sentences were below the recommended guideline range, and Martin requested that the district court reconsider, asserting that the court had gone "right back to the career offender guidelines." Id. at 16. The district court declined to reconsider because it had granted a "downward departure in [Martin's] favor of 31 months" from the guideline range even though he was a career offender. Id. The court further stated that any less severe "would not be a reasonable sentence and would invite criticism of the administration of justice." Id.

On appeal, Martin argues for the first time that 18 U.S.C. § 1791(b) did not require the sentencing court to sentence him to consecutive sentences for each count in the indictment. He also argues that the sentences imposed were excessive and failed to take into consideration the factors listed in 18 U.S.C. § 3553(a).

## II. DISCUSSION

A. Section 1791

Martin's objection based on 18 U.S.C. § 1791 was not raised before the district court and so was not timely made. We review for plain error those issues for which timely objections were not made in the district court. United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993); see also Fed. R. Crim. P. 52(b). To prevail under plain error review, an appellant must prove: (1) there was

6

an error; (2) that was plain; and (3) the plain error must affect substantial rights. Olano, 507 U.S. at 732, 113 S. Ct. at 1776. Once the appellant proves these three elements, we may notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id.

Section 1791 provides for the punishment of prison inmates who possess or obtain prohibited items, such as heroin. 18 U.S.C. § 1791(a)(2), (d)(1)(C). The statute specifies the imposition of consecutive sentences when the contraband involved is a controlled substance, stating that "[a]ny punishment imposed . . . for a violation . . . involving a controlled substance shall be consecutive to any other sentence imposed by any court for an offense involving such a controlled substance." 18 U.S.C. § 1791(c) (emphasis added). Unless Congress explicitly states otherwise, "we construe a statutory term in accordance with its ordinary or natural meaning." FDIC v. Meyer, 510 U.S. 471, 476, 114 S. Ct. 996, 1001 (1994). "'[S]hall' generally means 'must'." Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 432 n.9, 115 S. Ct. 2227, 2235 n.9 (1995) (observing that this is the case except when "shall" is misused by legal authors or used in certain contexts, such as when "certain of the Federal Rules use the word 'shall' to authorize, but not to require, judicial action"[1]).

---

[1] For instance, Fed. R. Civ. P. 16(e) provides that "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." Rule 16(e) thereby explains

Here, Martin pled guilty to both a controlled substance offense and a violation of § 1791. Under these circumstances, the plain language of § 1791(c) required the district court to impose consecutive sentences. See 18 U.S.C. § 1791(c). Accordingly, Martin's argument that the district court plainly erred in imposing consecutive sentences for each of the two counts in the indictment fails, as he has shown no error, plain or otherwise.

B. Excessive Sentence

Although he has not couched it as a separate issue on appeal, Martin also argues that the sentences imposed by the district court were "excessive" and failed to take into account the sentencing factors set forth in 18 U.S.C. § 3553(a), particularly the sentences of inmates charged with similar conduct.[2] A district court must first correctly calculate the range prescribed by the Sentencing Guidelines. United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005). Once it has done so, that court "may impose a more severe or more lenient sentence," which we will review for reasonableness. Id. at 1179. Both the district

_____

where the court's discretion comes into the decision. There is no similar discretion-invoking factor in § 1791(c).

[2]Although the government initially asserted an argument to the contrary, we do have jurisdiction to review Martin's sentence for reasonableness. See United States v. Martinez, 434 F.3d 1318, 1321-22 (11th Cir. 2006) (per curiam) ("[A] post-Booker appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742 (a)(1).").

8

court's imposition of a sentence and our reasonableness inquiry are guided by the factors outlined in 18 U.S.C. § 3553(a). See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam); Winingear, 422 F.3d at 1246. The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786. A district court need not explain its logic for every § 3553(a) factor before announcing its sentence. Id. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id. "[T]here is a range of reasonable sentences from which the district court may choose." Id. at 788. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id.

Here, the record reflects that the district court correctly calculated Martin's guideline range and explicitly stated that it had considered the § 3553(a) factors in determining Martin's sentences, specifically including "consistency in the

9

sentencing of defendants who have been convicted of essentially the same offense." R3 at 14. Martin conspired to possess heroin in a prison setting, was deemed a career offender, and had such a substantial criminal history that it might have merited an upward departure pursuant to U.S.S.G. § 4A1.3(a)(1). The correctly calculated guidelines range for his offense was 151 to 188 months. His sentences, taken together, already fall 31 months below the bottom of this range. For these reasons, we conclude that the sentences imposed by the district court were reasonable.

## III. CONCLUSION

Martin appeals his two consecutive 60-month sentences for conspiring to possess heroin with intent to distribute it and obtaining heroin while serving a sentence in federal prison. Because we find that the district court did not err in its application of § 1791(c) and that the sentences imposed were reasonable, we **AFFIRM**.